IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>TRANSATLANTIC REINSURANCE COMPANY,<br><br>          Defendant. | NO. C03-1448 TEH<br><br>ORDER TO SHOW CAUSE AND ORDER VACATING CASE MANAGEMENT DEADLINES |
| TRANSATLANTIC REINSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>CONTINENTAL INSURANCE COMPANY,<br><br>          Defendant. | NO. C03-5470 TEH |

This Court is in receipt of Defendant Transatlantic Reinsurance Company's ("Defendant's") motion for leave to designate expert and file expert report and Plaintiff Continental Insurance Company's ("Plaintiff's") opposition thereto. The Court also acknowledges the parties' joint request for an expedited ruling on the papers. However, due to both parties' apparent gamesmanship and failures to coordinate with one another to meet the discovery deadlines ordered by this Court, the Court orders that the parties appear as scheduled on August 7, 2006, to discuss Defendant's motion. At that hearing, both parties shall also be prepared to SHOW CAUSE as to why sanctions should not be imposed for the reasons discussed below.

1      As set forth in the Court's June 20, 2006 order, the Court made clear on two separate occasions that further discovery extensions should not be expected and would likely be denied. Nevertheless, the parties filed a joint motion to extend multiple discovery deadlines on June 14, offering no compelling reason for filing this application only two days before the June 16 deadline by which Defendant was required to name all experts. While Defendant argues that the ongoing violation of the Court-ordered discovery schedule was "inadvertent," Mot. ¶ 12, Defendant attests to the fact that "[b]oth parties were aware that the Court would not be able to render its decision on the Joint Motion until, at the earliest, on Monday, June 19, 2006, after the June 16 deadline." Mot. ¶ 14. Defendant thereby acknowledges that both parties expected Defendant to be in violation of a Court-ordered deadline before the Court could issue a ruling on the joint motion.

Defendant also fails to offer any compelling reason for waiting until May 5 to request that Plaintiff produce a witness who could speak to the umbrella liability policy form. While Defendant argues that no previously deposed witness addressed this issue, no explanation is provided for Defendant's or Defendant's expert's failure to discover a need for such a deposition prior to this late date.

Furthermore, Plaintiff accurately points out that Defendant provides no compelling reason for refusing to designate Mr. Powers as an expert prior to deposing Mr. Gethard, the witness ultimately produced by Plaintiff on the umbrella liability policy issue. In the instant motion, Defendant merely suggests that "in the interest of economy and an attempt to streamline the discovery process, Defendant believed that it simply made more sense to depose [Mr. Gethard] prior to naming its experts since, depending on the outcome of Mr. Gethard's deposition, it might only be necessary for Defendant to name one expert as opposed to two." Mot. ¶ 9. However, Defendant belied this argument by postponing Mr. Gethard's deposition, originally scheduled for June 23, and providing Plaintiff with Mr. Power's expert report on that date instead. Resp. at 3. The Court therefore finds Defendant's inability to depose Mr. Gethard earlier to be an insufficient rationale for

Defendant's failure to meet the June 16 deadline, as that deposition was apparently nonessential to Defendant's decision to name Mr. Powers as an expert.

However, Defendant is not singularly responsible for the discovery delays in this case. While Defendant's May 5 request for a witness was undoubtedly late in the process, Plaintiff's failure to provide such a witness before June 23 is also unexplained.  After realizing the need for a witness on the umbrella liability policy issue, Defendant appears to have made a good faith effort to expedite this deposition, contacting Plaintiff multiple times – on May 8, May 12, and May 26 – in an effort to schedule this deposition.  Mot. ¶ 6. Despite Defendant's multiple follow-ups with Plaintiff, Plaintiff did not identify a witness until June 9 and did not schedule the deposition until June 23.  Mot. ¶ 8.  While Defendant apparently waited until June 9 to notify Plaintiff that Defendant "required" this deposition prior to the naming of their experts, that notification did nothing to speed Plaintiff along in making Mr. Gethard accessible to Defendant.  In fact, as did Defendant, Plaintiff also seemed to rely on the misguided assumption that the Court would grant yet another discovery extension, even though it had twice made clear that it did not anticipate doing so because it appeared that the parties were not moving discovery along expeditiously.

Plaintiff also raises the Court's suspicion by its sudden and vehement opposition to Defendant's current motion only a week after the parties' had agreed to such an extension.  It appears that Plaintiff is attempting to take advantage of the Court's denial of an extension to prevent Defendant from designating this expert, even though both parties had previously agreed to and seemingly relied on such an extension.

In short, Defendant's current motion and Plaintiff's opposition thereto evidence gamesmanship on the part of both parties.  This gamesmanship serves only to frustrate the proceedings of an already unduly prolonged case.  Since both parties appear intent on obfuscating the other's discovery efforts and, consequently, the proceedings before this Court, the Court sees no reason to expedite ruling on this motion.  The Court recognizes that a non-expedited decision will make the previously established discovery and motion deadlines impossible to meet, and a further setback in this case is contrary to the Court's

3

1 desire to avoid delays in case proceedings. However, as the parties have demonstrated their
2 unwillingness to cooperate and abide by the Court-ordered deadlines, the Court hereby
3 VACATES all discovery and motion filing deadlines as well as the case management
4 conference previously scheduled for July 24, 2006. The Court will set new dates and
5 deadlines after it rules on Defendant's pending motion.
6      As discussed above, the Court will hear argument on Defendant's motion as scheduled
7 on **August 7, 2006, at 10:00 AM.** Both parties are also ordered to appear **in person** before
8 the Court to show cause at that time as to why sanctions should not be imposed for the
9 unnecessary delays in discovery that have ultimately resulted in a violation of this Court's
10 orders. Any written response to this Order to Show Cause must be filed on or before
11 **July 24, 2006**.

13 **IT IS SO ORDERED.**

15 Dated: 07/06/06

                              THELTON E. HENDERSON, JUDGE
                              UNITED STATES DISTRICT COURT